IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HAAS OUTDOORS, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1:18-CV-978-RP |
| § | | |
| DRYSHOD INTERNATIONAL, LLC, § | | |
| and JAMES K. DONOHUE, § | | |
| § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| DRYSHOD INTERNATIONAL, LLC, § | | |
| and JAMES K. DONOHUE, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | 1:18-CV-596-RP |
| § | | (consolidated) |
| HAAS OUTDOORS, INC.; § | | |
| TOXEY HAAS; and WILLIAM SUGG; § | | |
| § | | |
| Defendants. § | | |

**ORDER**

Before the Court is a motion to dismiss filed in the consolidated case, 1:18-CV-596, by Defendants Toxey Haas ("Haas") and William Sugg ("Sugg"). (Dkt. 127). Plaintiffs Dryshod International, LLC ("Dryshod") and James Donohue ("Donohue") (together, "Plaintiffs") filed a response. (Dkt. 132). Having considered the parties' briefs, the record, and the relevant law, the Court will grant the motion.

**I. BACKGROUND**

Haas and Sugg are executive officers of codefendant Haas Outdoors, Inc. ("Haas Outdoors"), which designs and manufactures camouflage patterns, clothing, and accessories. (Haas Am. Compl., Dkt. 126, at 3). Donohue founded Dryshod to design and source footwear, including

1

camouflage boots. (Am. Compl., Dkt. 123, at 4–5). Rather than license one of Haas Outdoors' camo designs, Dryshod designed its own. (*Id.* at 19; Resp., Dkt. 132, at 4–5). Haas Outdoors, believing that Dryshod's designs infringed the copyrights for its own, sued Plaintiffs in this Court in 2018, voluntarily dismissed that action, and refiled in the Northern District of Mississippi. (Resp., Dkt. 132, at 5). That action is back before this Court, now consolidated with this action after being transferred from the federal district court in Mississippi. *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 1:18-CV-978-RP (W.D. Tex.).

Meanwhile, Plaintiffs sued Haas Outdoors in this district seeking declarations that they are not infringing its copyrights or trademarks. (Am. Compl., Dkt. 123, at 24–26). Plaintiffs also assert a series of claims against Haas and Sugg: tortious interference with existing business relations; illegal restraint of trade in violation of Texas Business and Commerce Code § 15.05(a) and (b); and defamation. (*Id.* at 27–29). Haas and Sugg now ask the Court to dismiss the claims against them because their alleged conduct does not subject them to this Court's jurisdiction. (Mot., Dkt. 127).

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and

2

conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

### III. DISCUSSION

Because Haas and Sugg are not Texas residents, (*see* Am. Compl., Dkt. 123, at 2), Plaintiffs have the burden to establish a *prima facie* case for this Court's personal jurisdiction over them. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). A federal district court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). Because Texas's long-arm statute extends as far as constitutional due process allows, the two-step inquiry "collapses into one federal due process analysis." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

Exercising personal jurisdiction over a nonresident defendant is compatible with due process when "(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel*, 517 F.3d at 243 (cleaned up). There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *Lewis*, 252 F.3d at 358. Plaintiffs argue only that Haas and Sugg are subject to this Court's specific jurisdiction. (Resp., Dkt. 132, at 8).

In this circuit, specific personal jurisdiction is a claim-specific inquiry; a plaintiff bringing multiple claims that arise out of different forum contacts must establish specific jurisdiction for each claim. *McFadin*, 587 F.3d at 759. Specific jurisdiction applies when a nonresident defendant "has

3

purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel*, 517 F.3d at 243. Conduct unrelated to a plaintiff's claims is irrelevant to the exercise of specific personal jurisdiction. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (stating that the Due Process Clause bars the exercise of specific jurisdiction over claims that do not arise out of the defendant's forum contacts); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 530 (5th Cir. 2002) (stating that personal jurisdiction exists only if a cause of action arises from or relates to the defendant's conduct "in or vis-à-vis the forum"). The touchstone of specific-jurisdiction analysis is "whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (cleaned up). Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985).

That said, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Sangha*, 882 F.3d at 103. Due process requires that specific jurisdiction be based on more than the "random, fortuitous, or attenuated" contacts a defendant makes by interacting with people affiliated with the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The plaintiff thus "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285.

Here, because specific personal jurisdiction is a "claim-specific inquiry," *McFadin*, 587 F.3d at 759, the relevant conduct is that which is related to Plaintiffs' claims against Haas and Sugg for tortious interference, restraint of trade, and defamation. (Am. Compl., Dkt. 123, at 27–29).[1] The first

---

[1] Plaintiffs introduce evidence that Haas and Sugg have spent time in Texas for business purposes, such as traveling to Texas annually for hunting events at which they market Haas Outdoors' products, communicating with a Haas Outdoors executive who works in Texas, and acting as directors of a related corporate entity that owns real property in Texas. (Resp., Dkt. 132, at 6–8). But this conduct is unrelated to Plaintiffs' claims against Haas and Sugg and is therefore irrelevant to this Court's specific personal jurisdiction over them. *See McFadin*, 587 F.3d at 759; *Seiferth*, 472 F.3d at 274–75; *Jackson*, 302 F.3d at 530.

4

two of those claims arise out of Haas Outdoors' litigation against Plaintiffs, which they characterize as "sham lawsuits" filed simply to bully the smaller Dryshod into licensing Haas Outdoors' camo rather than compete with Dryshod's own designs. (Am. Compl., Dkt. 123, at 21–24). According to Plaintiffs, Haas and Sugg knew that their company's lawsuit against Dryshod was baseless when it was filed but approved it anyway because they knew that the lawsuit would financially stress the smaller company and damage its reputation with retailers. (*Id.*; *see also* Resp., Dkt. 132, at 4–5 (emphasizing that the record demonstrates that Haas and Sugg "at least approved" of the lawsuit against Plaintiffs)). For the defamation claim, Plaintiffs allege that Haas Outdoors salespeople have been contacting Dryshod customers and prospects to tell them that "there is a problem" with Dryshod's camo boots. (Am. Compl., Dkt. 123, at 24). According to Plaintiffs, Haas and Sugg either authorized these comments or failed to stop them after being given formal notice of them. (*Id.* at 24, 29; Resp., Dkt. 132, at 5 n.1).

These allegations do not satisfy Plaintiffs' burden to state a *prima facie* case for specific jurisdiction over Haas and Sugg, for several reasons. First, Plaintiffs do not allege that Haas and Sugg's approval of the Haas Outdoors litigation is relevant to their tortious-interference claim. Even if Texas law recognizes such a cause of action,[2] one of its elements is an "(1) unlawful action[ ] undertaken by [the defendant] without a legal right or justifiable excuse." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) (quoting *Am. Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 335 (Tex. App.—Houston [14th Dist.] 1991, no writ)). The only allegedly unlawful action taken by Haas and Sugg is their approval of the Haas Outdoors litigation against Plaintiffs, which is also their only purported forum contact relevant to this claim. (Resp., Dkt. 132, at 4-5). But Plaintiffs have cited no authority for the proposition that it is unlawful to file a lawsuit, even a frivolous one filed in bad faith. Plaintiffs have therefore not carried their burden to allege that Haas

---

[2] It is unclear whether Texas law even recognizes a cause of action for tortious interference with an existing business relationship. *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 214–15 & n.18 (5th Cir. 2018).

5

and Sugg have taken any unlawful actions, which means that Plaintiffs have alleged no forum contacts relevant to their tortious-interference claim. This alone is enough to deprive the Court of specific jurisdiction over Haas and Sugg for this claim. *See McFadin*, 587 F.3d at 759 ("[S]pecific personal jurisdiction is a claim-specific inquiry[.]").

A similar problem exists with respect to Plaintiffs' defamation claim. In order to prove a claim for defamation against Haas and Sugg, Plaintiffs must show (among other things) that they "published a statement." *Cuba v. Pylant*, 814 F.3d 701, 713–14 (5th Cir. 2016) (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). Nowhere do Plaintiffs allege that Haas and Sugg published a statement. (*See* Am. Compl., Dkt. 123, at 24, 29). Instead, it is Haas Outdoors *salespeople* who have published allegedly disparaging statements; Haas and Sugg merely authorized those statements or failed to do anything about them. (*Id.*). Plaintiffs have cited no authority for the proposition that a corporate officer can be liable in his or her individual capacity for defamatory statements made by company employees, and therefore they have alleged no contacts relevant to their defamation claim against Haas and Sugg. As with their tortious-interference claim, this alone is enough to deprive the Court of specific jurisdiction over Haas and Sugg for their defamation claim. *See McFadin*, 587 F.3d at 759.[3]

But there is a deeper problem with Plaintiffs' theory of specific jurisdiction, which infects all of their claims against Haas and Sugg: they fail to allege any claim-relevant contacts between Haas or Sugg and the forum. Haas and Sugg live and work in Mississippi. (Am. Compl., Dkt. 123, at 2). If in fact they approved of the "sham litigation" against Plaintiffs or the allegedly disparaging comments

---

[3] A similar problem exists with Plaintiffs' restraint-of-trade claim. (Am. Compl., Dkt. 123, at 27–28). Plaintiffs allege that Haas and Sugg authorized Haas Outdoors' "unreasonable restraint of trade by improperly eliminating legitimate competitors" from their shared market. (*Id.* at 28). But nowhere do Plaintiffs explain how Haas and Sugg's approval of a lawsuit against Plaintiffs is relevant to a cause of action under Texas Business and Commerce Code § 15.05. (*See* Resp., Dkt. 132, at 4–6 (arguing that Haas and Sugg authorized the company's "wrongful conduct designed to maintain [its] monopoly," but failing to connect their contacts with the forum to the elements of a legal cause of action)). As with their other claims against Haas and Sugg, this alone is enough to deprive the Court of specific jurisdiction over them for their restraint-of-trade claim. *See McFadin*, 587 F.3d at 759.

6

made by Haas Outdoors salespeople, (*id.* at 20–24), there are no allegations that this conduct had anything to do with the forum. For one thing, *they* did not file the lawsuit in Texas (and later, in Mississippi)—Haas Outdoors did. There is no allegation that they conceived of the lawsuit while in Texas, approved of the lawsuit in Texas, or directed the lawsuit from Texas. (*See* Am. Compl., Dkt. 123, at 20–24). Although Plaintiffs allege that Haas and Sugg knew that the lawsuit would damage Dryshod's relationship with its distributors, those distributors are not located in Texas; they are in New York and Nebraska. (*Id.* at 22). Meanwhile, Plaintiffs do not allege that the salespeople making disparaging comments about Dryshod products did so in Texas or even to Texans. (*Id.* at 24). Indeed, there are *no* allegations about where these comments were made, nor to whom (other than to someone at national retailer Bass Pro Shops, somewhere). (*Id.*).

The most that Plaintiffs do to connect Haas and Sugg's conduct to the forum is to allege that they knowingly approved of acts that are "directed against Dryshod," which Haas and Sugg know to be "located in Texas." (Resp., Dkt. 132, at 5). But "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Rather, it is Haas and Sugg's *conduct*—not the effects of that conduct—that "must form the necessary connection" to Texas. *See id.* at 290 ("[A]n injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State."). Merely knowing that one's conduct will affect a forum resident is insufficient to support personal jurisdiction over that person. *See id.* at 290–91 (holding that defendants were not subject to personal jurisdiction in Nevada when all of their conduct took place in or was directed at Georgia, even if they knew their actions would harm Nevada residents in Nevada). The absence of alleged minimum contacts with Texas is by itself enough to deprive this Court of specific jurisdiction over Haas and Sugg for any of Plaintiffs' claims against them. Plaintiffs' claims against them must be dismissed.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants Haas and Sugg's motion to dismiss, (Dkt. 127), is **GRANTED**. Plaintiffs' claims against them are **DISMISSED** for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**SIGNED** on July 12, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE