**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| HAAS OUTDOORS, INC. | § | |
| | § | |
| Plaintiff, | § | C.A. NO. 1:18-cv-00978-RP |
| | § | [LEAD CASE] |
| v. | § | |
| | § | |
| DRYSHOD INTERNATIONAL, LLC, | § | |
| AND JAMES K. DONOHUE | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| DRYSHOD INTERNATIONAL, LLC, | § | |
| AND JAMES K. DONOHUE | § | C.A. NO. 1:18-cv-00596-RP |
| | § | [CONSOLIDATED] |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| HAAS OUTDOORS, INC., | § | |
| | § | |
| Defendant. | § | |

## JOINT NOTICE REGARDING DEPOSITION DESIGNATIONS FOR TRIAL

Pursuant to Local Rule CV-16(f)(6) and the Court's June 30, 2021 Order (Dkt. #257), Plaintiff Haas Outdoors, Inc. ("Haas Outdoors") and Defendants Dryshod International, LLC ("Dryshod") and James K. Donohue (collectively, "Defendants") submit this joint notice regarding deposition designations in lieu of each party filing deposition designations.

The Parties have reached agreement on a procedure which will obviate the need for deposition testimony in this matter other than the deposition testimony of Toxey Haas (and other than for impeachment purposes of witnesses testifying live). In discussions between counsel, Haas Outdoors has represented that it intends to have William Sugg, and Larry Moore, both out-of-state witnesses, in Austin during Haas Outdoors' case-in-chief, and also will make the witnesses available on reasonable notice to be called in Defendants' case-in-chief, should any claims

{JX494360.2}                                                      1

remain. Defendants have represented that they intend to have James Donohue, Maureen Donohue, Craig Hahn, and Jerry Srednicki (Hahn and Srednicki are both out-of-state witnesses) present in Austin for Defendants' case-in-chief and also will make these witnesses available on reasonable notice to be called in Haas Outdoors' case-in-chief.[1]

With witnesses available to testify live, no deposition testimony should be necessary, except for impeachment purposes, and therefore, no deposition designations, objections, and counter-designations are necessary, other than that of Mr. Haas. However, both parties have agreed that if, for some reason, a witness does not travel to Texas or is otherwise unavailable when reasonable notice is given, then the other party will be given the opportunity at that time to designate and present deposition testimony, if necessary or desired by that party. Since Mr. Hahn is a third party witness, both parties may designate his testimony should he become unavailable. As for Mr. Sugg, and Mr. Moore, since they are employees of Haas Outdoors, only Defendants may designate their testimony should they become unavailable. As for Mr. Donohue and Ms. Donohue, since they are employees of Dryshod, only Haas Outdoors may designate their testimony should they become unavailable.  None of the above procedure is intended to subvert the language of FRCP 32(a)(4)(A), (C, or (E) as to an "unavailable witness."

As for what is to be considered "reasonable notice," for calling these witnesses (Mr. Sugg, Mr. Moore, Mr. Donohue, Ms. Donohue, Mr. Hahn, and Mr. Srednicki), the parties have agreed on a procedure. The parties shall provide a list identifying the specific witnesses that they intend to call on direct, and the order in which they will be called, by 7:00 p.m. two (2) calendar days before they intend to call those witnesses at trial. For example, if Haas Outdoors intends to call Mr. Donohue on

---

[1] It is possible that the Defendants may petition the Court to allow the testimony of Jerry Srednicki to be presented by video conference, in which case Defendants would likewise make Mr. Srednicki available by video conference in Plaintiff's case.

Tuesday, October 26th, then it would give notice of that intent to Dryshod by 7:00 p.m. on Sunday, October 24th. If a witness is identified on this list and is no longer available to testify live, notice must be given by 8:00 p.m. that same night. At that time, deposition designations may be made, with the presenting party providing designations by 6:00 p.m. the following day (one day prior to presenting the witness by deposition). Counter-designations will then be due by 9:00 p.m., with a meet and confer on any objections to designated testimony to take place at 10:00 p.m. No later than 7:00 p.m. the day before their introduction, the offering party shall provide any update or change of the names and order of witnesses to be called. Any such update or change shall not be used to identify a witness in the first instance absent agreement of the parties or good cause.

Dated: September 29, 2021

HAAS OUTDOORS, INC.

By Its Attorneys,
JONES WALKER LLP

*/s/ W. Whitaker Rayner*
W. WHITAKER RAYNER
Mississippi Bar #4666 (*pro hac vice*)
ANDREW S. HARRIS
Mississippi Bar #104289 (*pro hac vice*)
JONES WALKER LLP
190 East Capitol Street, Suite 800
Jackson, Mississippi 39201
Tel.: (601) 949-4900;
Fax: (601) 949-4804
wrayner@joneswalker.com
aharris@joneswalker.com

Respectfully submitted,

DRYSHOD INTERNATIONAL, LLC
AND JAMES K. DONOHUE

By Its Attorneys,
PIRKEY BARBER PLLC

*/s/ Travis R. Wimberly*
TRAVIS R. WIMBERLY
STEPHEN P. MELEEN
ALEXANDRA H. BISTLINE
PIRKEY BARBER PLLC
1801 East 6th Street
Suite 300
Austin, Texas 78702
Tel: (512) 322-5200
twimberly@pirkeybarber.com
smeleen@pirkeybarber.com
abistline@pirkeybarber.com

KRYSTAL P. SCOTT
Texas Bar # 24056288
JONES WALKER LLP
811 Main St., Suite 2900
Houston, Texas 77002
Tel.: 713-437-1816;
Fax: 713-437-1810
kscott@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been provided to all counsel via the

Court's electronic filing system.

This 29th day of September, 2021.

/s/ W. Whitaker Rayner
W. WHITAKER RAYNER